UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>R. SCHLICHTING,<br><br>        Defendant. | Case No. 1:20-cv-01672-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Marcus Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 24, 2020. (ECF No. 1). The Court screened the complaint and found that it stated no cognizable claims in an order dated December 9, 2020. (ECF No. 6). Plaintiff filed a First Amended Complaint on January 6, 20201, which is before this Court for screening. (ECF No. 8).

The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

\\\

1

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his first amended complaint:

On March 9, 2019, Defendant Correctional Officer R. Schlichting grabbed Plaintiff's

buttocks for her own sexual gratification while placing Plaintiff in a cell.  On April 5 and April 6, 2019, while Defendant Schlichting was working in the control booth, she rubbed herself, touched her private parts, and touched her breasts for the purposes of demeaning Plaintiff.

On April 7, 2019, Defendant Schlichting wrote a false rules violation report accusing Plaintiff of I.E.X. (indecent exposure).  Defendant Schlichting accused Plaintiff of masturbating in his cell while she was doing rounds.  This report was filed in retaliation for exercising a constitutional right not to engage in sexual conduct with Defendant Schlichting. The disciplinary proceedings violated due process because Plaintiff was not allowed to call witnesses or presented documentary evidence.  Plaintiff was given a 90-day loss (of good time credits) for this violation.

Plaintiff asks for $450,000 in damages for emotional distress and for dismissal and expungement of the rules violation report.

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Sexual Assault Claim

#### a.  Sexual Assault in Violation of the Eighth Amendment

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment.  Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)).  In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind'"—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component.  Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).  As "sexual assault serves no valid penological purpose … where an inmate can prove that a prison guard committed a sexual

assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not *de minimis* for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

In Plaintiff's First Amended Complaint, he alleges that Defendant Schlichting "grabbed my buttocks." This took place while Defendant Schlichting was putting Plaintiff in a cell. Although Plaintiff alleges that Defendant Schlichting did this action "for her own sexual gratification," he does not include any facts supporting that allegation. He does not, for example, allege that Defendant Schlichting said anything of a sexual nature to him.

He also alleges that, approximately one month later, while working in the control booth, Defendant Schlichting engaged in sexual harassment by "rubbing herself, touching her private parts, and touching and rubbing her breasts." Plaintiff does not allege that Defendant Schlichting touched Plaintiff on this occasion. Indeed, Plaintiff alleges that Defendant Schlichting was in the control booth, which is generally an area separated from inmates in order to allow supervision of many inmates. Plaintiff again does not allege that Defendant Schlichting said anything to Plaintiff during or after this occasion to indicate that she wished to engage in sexual conduct with Plaintiff. On the contrary, Plaintiff alleges that the next day Defendant Schlichting submitted a rules violation report against Plaintiff for indecent exposure.

///

1    Applying the legal standards to the alleged facts, the Court recommends dismissing this

2    claim.  The alleged touching consists only of touching Plaintiff's buttocks in the context of

3    putting Plaintiff in a cell.  Without more, this one contact is not objectively "harmful enough"

4    to establish a constitutional violation under the objective component of this claim.

5    Additionally, Plaintiff has not sufficiently alleged the subjective component, i.e., that

6    Defendant acted maliciously and sadistically for the purposes of causing harm.  Although

7    Plaintiff repeatedly alleges that Defendant acted for her own sexual gratification toward him, he

8    does not allege any facts establishing this.  He does not allege that Defendant said anything

9    sexual toward him.  Moreover, rather than invite further sexual conduct, Defendant Schlichting

10    responded by filing a rules violation report against Plaintiff for indecent exposure.

b.   False Rules Violation Reports

11

12    The filing of a false Rules Violation Report by a prison official against a prisoner is not

13    a per se violation of the prisoner's constitutional rights.  See Muhammad v. Rubia, 2010 WL

14    1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A]

15    prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of

16    conduct which may result in the deprivation of a protected liberty interest.  As long as a

17    prisoner is afforded procedural due process in the disciplinary hearing, allegations of a

18    fabricated charge fail to state a claim under § 1983.") (citations omitted); Harper v. Costa, 2009

19    WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010)

20    ("Although the Ninth Circuit has not directly addressed this issue in a published opinion,

21    district courts throughout California … have determined that a prisoner's allegation that prison

22    officials issued a false disciplinary charge against him fails to state a cognizable claim for relief

23    under § 1983.").

24    There are, however, two ways that allegations that an inmate has been subjected to

25    a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges

26    that the false disciplinary report was filed in retaliation for his exercise of a constitutional right;

27    and (2) when the prisoner alleges that he was not afforded procedural due process in a

28    disciplinary proceeding concerning the false report.  See Hines v. Gomez, 108 F.3d 265, 269

6

(9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

As to the first way, a plaintiff may state a section 1983 claim for a violation of his First Amendment rights due to retaliation.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

As to the second way, prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  Wolff, 418 U.S. at 556.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Id.  But the due process clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe.  See id. at 556-57, 571-72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  Id. at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the

7

1   [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as

2   to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v.

3   Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should

4   be allowed to call witnesses and present documentary evidence in his defense when permitting

5   him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at

6   566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes

7   it unlikely that the inmate will be able to collect and present the evidence necessary for an

8   adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or ...

9   to have adequate substitute aid ... from the staff or from a[n] ... inmate designated by the staff."

10   Id. at 570.

11       "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or

12   duration of his confinement. He must seek federal habeas corpus relief (or appropriate state

13   relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation

14   marks omitted). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States

15   Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness

16   would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the

17   conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable

18   termination rule" preserves the rule that federal challenges, which, if successful, would

19   necessarily imply the invalidity of confinement or its duration, must be brought by way of

20   petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad

21   v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is

22   barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no

23   matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

24   proceedings)—if success in that action would necessarily demonstrate the invalidity of

25   confinement or its duration." Wilkinson, 544 U.S. at 81-82.

26       While claims challenging the conditions of an inmate's confinement are cognizable

27   under Section 1983, an inmate's challenges to the fact or duration of confinement, which seek a

28   speedier release from custody, sound only in habeas. Heck, 512 U.S. 477; Preiser v. Rodriguez,

411 U.S. 475, 500 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' " (citation omitted)). Under the "favorable termination doctrine," the district court must dismiss a state prisoner's Section 1983 claim for damages if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 486-87. This doctrine has been extended to apply in the prison disciplinary context where the "defect complained of by [plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]" Edwards v. Balisok, 520 U.S. 641, 646 (1997); Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002), cert. denied, 540 U.S. 1218 (2004), and if the restoration of those credits "necessarily" would "affect the duration of time to be served." Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam); see also Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("Heck applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served[,]' " (citations omitted), cert. denied, 137 S. Ct. 645 (2017).

Here, Plaintiff challenges a rules violation report for indecent exposure that resulted in a loss of 90 days (good time credits). Because reversal of the rules violation report finding would necessarily result in a restoration of good time credits, it would also necessary affect the duration of Plaintiff's confinement. Therefore, it is not cognizable in a section 1983 action.

Even if it were cognizable as a 1983 claim, Plaintiff has not stated a claim for retaliation in violation of the First Amendment. Plaintiff alleges that Defendant Schlichting filed the rules violation report in retaliation for Plaintiff exercising his constitutional right not to engage in sexual conduct with him. However, he fails to allege any facts establishing this. He does not allege that Defendant Schlichting asked Plaintiff to engage in sexual conduct, that he refused Defendant Schlichting's demand for sexual conduct, or that Defendant Schlichting indicated in any way that she filed the rules violation report for indecent exposure because Plaintiff refused sexual conduct with her.

///

**IV.    CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court recommends that this action be dismissed for failure to state a claim.  Moreover, the Court recommends dismissing without further leave to amend.  In the Court's prior screening order, the Court provided Plaintiff with relevant legal standards and provided Plaintiff with an opportunity to amend his complaint.  Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but nevertheless failed to allege facts that support a section 1983 claim.  Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1.  Plaintiff's First Amended Complaint be dismissed with prejudice; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **February 23, 2021**          /s/ *Erica P. Grosjean*

                                        UNITED STATES MAGISTRATE JUDGE