1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS MOORE,

Plaintiff,

v.

R. SCHLICHTING,

Defendant.

No. 1:20-cv-01672-NONE-EPG (PC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(Doc. No. 10)

Plaintiff Marcus Moore is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In his first amended complaint, plaintiff alleges a single claim under the Eighth Amendment for sexual harassment and assault, which includes allegations that a correctional officer grabbed plaintiff's buttocks on one occasion and that the same female correctional officer, on a later occasion, touched her breasts and rubbed her body in a sexual way in view of plaintiff. (Doc. No. 8 at 3.) Plaintiff also alleges one claim of the violation of his due process rights, related to the same correctional officer named as a defendant in this action purportedly filing a false prison disciplinary report for indecent exposure against plaintiff and for claimed deficiencies in the disciplinary hearing conducted in relation to the allegedly false report. (*Id*. at 4.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 23, 2021, the assigned magistrate judge entered findings and recommendations recommending that this action be dismissed with prejudice due to plaintiff's

| | |
|---|---|
| 1 | failure to state a claim. (Doc. No. 10.) Plaintiff's allegation of assault in his first amended |
| 2 | complaint is, in its entirety, one sentence: "On 3-9-2019, [the correctional officer] while placing |
| 3 | [plaintiff] in a cell grabbed [plaintiff's] buttocks for [the correctional officer's] sexual |
| 4 | gratification." (Doc. No. 8 at 3.) This sentence is not preceded by any alleged facts or |
| 5 | information and is followed only by two sentences of equal brevity describing the alleged sexual |
| 6 | harassment that occurred at a later date. (*Id*.) The magistrate judge found that plaintiff's Eighth |
| 7 | Amendment claim did not state sufficient facts to meet the standard for an Eighth Amendment |
| 8 | sexual assault claim. (*Id*. at 4–6.) The magistrate judge also found that plaintiff's due process |
| 9 | claim cannot proceed by way of a § 1983 suit because reversal of his prison rules violation |
| 10 | report—based either on the report's fabrication or the hearing deficiencies—would result in the |
| 11 | restoration of good time credits. (*Id*. at 9.) Under the applicable law, any claims affecting the |
| 12 | duration of a sentence, including the restoration of good time credits, must be brought by way of a |
| 13 | habeas petition. (*Id*. at 6–9.) This is true even if other relief is sought in the § 1983 suit. (*Id*. at |
| 14 | 8.) |
| 15 | Plaintiff was provided an opportunity to file objections to the findings and |
| 16 | recommendations within twenty-one (21) days. Plaintiff submitted objections that were dated |
| 17 | March 12, 2021, but were not filed with the court until March 22, 2021. (Doc. No. 11.) |
| 18 | Nonetheless, the court will consider the objections to have been timely filed under application of |
| 19 | the mail box rule. Regarding his Eighth Amendment claim, plaintiff argues that "any sexual |
| 20 | assault or abuse of an inmate by a prison official" constitutes a civil rights violation and that he |
| 21 | established the violation "without [ ] going into all the facts of the actions." (Doc. No. 11.) He |
| 22 | further argues that he "explained as much as [he] could"; however, plaintiff follows this |
| 23 | declaration with additional purported facts not contained in his complaint: the correctional officer |
| 24 | made "sexual statements" about "how sexy [plaintiff] was"; and the correctional officer did |
| 25 | "sexual things like licking her lip at [plaintiff] and sticking her tongue out in a sexual manner |
| 26 | every time she walked by [plaintiff's cell]." (*Id*.) Plaintiff does not state when these additional |
| 27 | comments or gestures occurred in relation to the events alleged in his complaint. |
| 28 | ///// |

Most importantly, the additional facts asserted in plaintiff's objections are insufficient as stated largely because plaintiff has not established the dates and the context of the newly outlined comments and gestures. As such, even if these the new details had been alleged in his complaint would not establish how plaintiff knew or inferred that the contact made with his buttocks was done for the correctional officer's sexual gratification. Specifically, the new allegations do not include a statement whether the sexual comments and gestures occurred before or after the alleged physical contact. There is also no assertion that the physical contact had no penological interest.

In order to state a cognizable sexual harassment claim based on verbal or nonverbal statements (as opposed to an assault claim), plaintiff must "allege that there was no legitimate penological objective *and* that the statement made was so extreme even for a prison setting and was calculated to cause psychological harm." *Moore v. Calderon*, No. 1:20-cv-00397-DAD-BAM (PC), 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021). Indeed, the Ninth Circuit on several occasions has declined to find verbal or nonverbal sexual harassment sufficient to support an Eighth Amendment claim. *See, e.g., Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004) (affirming the dismissal of an Eighth Amendment claim alleging that correctional officer unzipped his pants and exposed his penis to the plaintiff from inside a control booth); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (finding that gawking, pointing, and joking does not violate the prohibition against cruel and unusual punishment because to do so "would trivialize the objective component of the Eighth Amendment test and render it absurd"); *see also Blacher v. Johnson*, 517 F. App'x 564 (9th Cir. 2013) (holding that the district court properly dismissed the plaintiff's claim of sexual harassment "because the Eighth Amendment's protections do not extend to mere verbal sexual harassment," citing *Somers*).[1] Under current Ninth Circuit law in this area, plaintiff has not stated a cognizable claim. Moreover, plaintiff has been given more than one opportunity to do so (which now also includes the undersigned's consideration of the new facts alleged in plaintiff's objections).

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Turning to plaintiff's due process claim, plaintiff argues in his objections that his claim should move forward because he was not allowed to call witnesses or present other evidence at his administrative hearing, which is a violation under *Wolff v. McDonnell*, 418 U.S. 539 (1974). (Doc. No. 11.)  Plaintiff does not address the magistrate judge's basis for recommending dismissal of his claim (that his claim must be brought by habeas petition) and his objections provide no basis upon which to reject that recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1.  The findings and recommendations entered February 23, 2021 (Doc. No. 10) are adopted in full;

2.  This case is dismissed with prejudice for failure to state a claim; and

3.  The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:   **July 2, 2021**   

UNITED STATES DISTRICT JUDGE